IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MOUNTAIN VIEW ORCHARDS and CHARLES L. SWANSON, <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHWEST WHOLESALE, INC., WESTBRIDGE AGRICULTURAL, and JOHN DOES I THROUGH V, <br><br> Defendants. | CV 19–172–M–DLC <br><br> ORDER |

Before the Court is Northwest Wholesale, Inc.'s Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. 4.) The parties agree that this Court lacks general jurisdiction over Plaintiffs' claims. Plaintiffs contest the motion only as it applies to specific jurisdiction. (Doc. 8 at 11.) For the reasons explained below, the Court grants the motion.

## BACKGROUND[1]

Plaintiff Mountain View Orchards is an apple orchard located in Corvallis, Montana, owned and operated by Charles Swanson. Defendant Northwest

---

[1] These facts are taken from the Plaintiffs' Complaint (Doc. 3) along with documents submitted to determine jurisdiction. (Docs. 9; 6.) The uncontroverted allegations in the Complaint have been taken as true unless contradicted by affidavit, in which case factual disputes have been resolved in Plaintiffs' favor. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

1

Wholesale is a farmer cooperative which provides crop consulting services and distributes agricultural products. Northwest Wholesale is incorporated in the State of Washington with its principal place of business located in East Wenatchee, Washington.

Northwest Wholesale does not have employees, registered agents, or sales representatives in Montana, and it does not advertise in Montana. Northwest Wholesale does not have offices or own other property located in Montana. In the years 2006–2019, Northwest Wholesale sold products to only two customers in Montana: Plaintiff Mountain View Orchards in Corvallis, and Bowman Orchards in Bigfork.

From 2016–2018, Northwest Wholesale shipped products for five orders to Mountain View at its Montana address. For these years, Northwest Wholesale's sales revenue for all products shipped to Montana as a percentage of its total sales revenue was approximately 0.004 percent.

Charles Swanson began working with Northwest Wholesale around 2005 and began making more substantial purchases around 2010. Swanson makes two visits to Northwest Wholesale each year to inquire about new products, discuss the effectiveness of previously purchased products, and obtain tailored and specific advice about his orchard. Additionally, Swanson calls representatives of

2

Northwest Wholesale at least three to four times per season for advice relating to his orchard, and the representatives are aware the orchard is in Montana.

In March of 2018, Swanson traveled to Washington to purchase orchard-related products from Northwest Wholesale. In particular, Swanson sought products that would prevent or minimize the risk of fire blight in his orchard. Based upon representations made by a sales representative, Swanson purchased Blossom Protect and Buffer Protect, products which were promoted as protections against fire blight.

When Swanson returned to the orchard, he applied the two products as instructed. Within a matter of days, Swanson observed rampant fire blight in the orchard. Swanson then discovered that the Blossom Protect was long expired when Northwest Wholesale sold him the product. Researchers from Montana State University came to the orchard but were unsuccessful in any efforts to combat the fire blight, and the researchers advised Swanson to remove several hundred trees.

Plaintiffs filed a Complaint in state court on September 12, 2019, alleging six counts against Northwest Wholesale: (1) negligence; (2) malice from willfulness, wantonness, recklessness, gross negligence, and unjustifiable conduct; (2) fraud and/or deceit; (3) constructive fraud; (4) negligent misrepresentation; (5)

negligent infliction of emotional distress; and (6) *respondeat superior*.[2] Defendant Westridge removed the action to this Court on October 21, 2019. Because Northwest Wholesale's Motion to Dismiss is before the Court, only those counts affecting Northwest Wholesale will be addressed.

## STANDARD OF REVIEW

In defense to a claim for relief, a defendant may move the Court to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The plaintiffs' pleading and affidavits "need only make a prima facie showing of jurisdictional facts." *Id.*

## DISCUSSION

The Due Process Clause constrains a state's authority to bind a nonresident defendant to the judgment of its courts. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). For a federal court to exercise personal jurisdiction over a nonresident defendant, two requirements must be met: (1) jurisdiction must be proper under the state's long-arm statute, and (2) the exercise of jurisdiction must comport with due process requirements. *Schwarzenegger*, 374 F.3d at 800.

---

[2] Additionally, Plaintiffs allege strict product liability against Defendant Westbridge Agricultural Products. Westbridge is incorporated in the State of California and distributed the products at issue to Northwest Wholesale.

4

Here, the exercise of jurisdiction does not comport with due process requirements. As this conclusion is dispositive, the Court does not address whether jurisdiction is proper under Montana's long-arm statute.

A court's exercise of jurisdiction is constitutional where the defendant has at least "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801. The "minimum contacts" requirement is satisfied when the following criteria are met:

> (1) The non-resident defendants must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 802. Where the plaintiff meets its burden to show that the first two prongs are met, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id*.

### I. Purposeful Direction

In evaluating purposeful direction under the first prong of the test, the Ninth Circuit applies the "effects" test, which requires that (1) the defendant "committed

an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)).

The crux of Mountain View's argument is that Northwest Wholesale purposefully directed its activities at Montana because "it had actual knowledge of the fact that Mountain View was located in Montana and took this information into consideration" in providing tailored recommendations to Mountain View throughout an ongoing business relationship. (Doc. 8 at 23.) However, this fact is insufficient to establish that Northwest Wholesale expressly aimed its actions at Montana as required by the second prong of the effects test.

In determining whether a defendant "expressly aimed" its actions at the forum state, the Court looks to the defendant's own contacts with the forum state, not to the defendant's knowledge of a plaintiff's connections to the forum. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017). Merely alleging that a defendant targeted a plaintiff whom the defendant knows to be a resident of the forum is not sufficient to satisfy the express aiming requirement. *Axiom*, 874 F.3d at 1069–1070. The Court looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there. *Walden*, 571 U.S. at 285 (2014). "The plaintiff cannot be the only link between the

6

defendant and the forum." *Id.* at 290. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

Here, Northwest Wholesale did not expressly aim its activities at Montana. Northwest Wholesale had no contacts with Montana besides its communications with the plaintiffs, all of which were initiated by the plaintiffs.[3] Charles Swanson traveled to Northwest Wholesale's Washington location to purchase and take delivery of the allegedly defective products. Northwest Wholesale did not solicit business from Mountain View or otherwise engage in conduct connecting it to Montana in a meaningful way. The "express aiming" requirement is unsatisfied and Northwest Wholesale did not purposefully direct its activities toward Montana.

## II.  Purposeful Availment

Mountain View argues that Northwest Wholesale purposefully availed itself of the privilege of conducting business in Montana by: providing tailored advice to Mountain View while knowing the orchard was located in Montana; selling products to the orchard; and facilitating an ongoing relationship with the orchard by accepting Charles Swanson's membership into Northwest Wholesale's co-op program. (Doc. 8 at 26.) Mountain View further argues that Northwest Wholesale

---

[3] Northwest Wholesale shipped product to one other orchard in Montana on one occasion in 2016 at a miniscule purchase price, which the Court considers insignificant for jurisdictional purposes.

7

purposefully availed itself by placing its products into the "stream of commerce." (Doc. 8 at 25 (citing *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102 (1987)).) As discussed below, Mountain View's contentions are insufficient to establish purposeful availment.

A defendant purposefully avails itself of the privilege of conducting activities in the forum state when it performs some type of affirmative conduct which allows or promotes the transaction of business within the forum state. *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988). The standard is not met when a defendant merely enters into contracts with residents of the forum. *Boschetto v. Hanging*, 539 F.3d 1011, 1017 (9th Cir. 2008). "Courts have found that arranging for the shipment of less than 1 percent of the products into a forum state at the direction of non-residential customers is insufficient to establish purposeful availment." *Rojas v. Hamm*, 2019 WL 3779706, at *3 (N.D. Cal. Aug. 12, 2019) (citing *Fernandez v. McDaniel Controls, Inc.*, 999 F.Supp. 1365, 1368 (D. Haw. 1998)).

Under the stream of commerce test, a defendant purposefully avails itself by showing an "intent or purpose to serve the market in the forum state, [such as] designing the product for the market in the forum state, advertising in the forum state, establishing channels for providing regular advice to customers in the forum

state, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state." *Asahi Metal Indus.*, 480 U.S. at 112.

Here, Northwest Wholesale did not purposefully avail itself of the privilege of conducting business within Montana because it did not engage in affirmative conduct promoting the transaction of business within the state. Northwest Wholesale's revenue received from product sales in Montana is miniscule in comparison to the company's overall revenue. All meetings between the parties were initiated by Mountain View and occurred in Washington, including the sale of the products at issue.

Furthermore, the stream of commerce theory does not apply because Northwest Wholesale did not demonstrate an intent to serve the market in Montana. Northwest Wholesale may have known the orchard is located in Montana, but this fact alone does not establish purposeful availment. Northwest Wholesale did not design the products for the Montana market; it does not advertise in Montana; it did not solicit business from Mountain View; it has no sales representatives in Montana; and it does not affirmatively establish channels for providing regular advice to Montana customers. Again, all contacts, meetings, and phone calls were initiated by the plaintiffs. As such, Northwest Wholesale did not purposefully avail itself of the privilege of conducting activities in Montana.

As Mountain View cannot establish that Northwest Wholesale either purposefully directed its activities toward Montana or purposefully availed itself of the privilege of conducting activities in Montana, it does not satisfy the first requirement of the "minimum contacts" test.

Because Mountain View has not met its burden to establish the first prong of the test, the Court cannot reasonably conclude that Northwest Wholesale has at least "minimum contacts" with Montana such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801.

Even if Mountain View could satisfy the first prong of the minimum contacts test, the remaining requirements are not met. Mountain View's claim does not arise from Northwest Wholesale's forum-related activities because all of the alleged activities in this case occurred in Washington. Additionally, the equities do not favor retaining jurisdiction. *See Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991). Witnesses are located in both Montana and Washington, and considering efficiency and convenience to the parties, the Court cannot conclude that Montana is a more reasonable forum than Washington.

Northwest Wholesale lacks sufficient minimum contacts with Montana as the forum state. Accordingly, the Court's exercise of jurisdiction does not comply with federal due process requirements and is not proper.

IT IS ORDERED that Defendant's motion (Doc. 4) is GRANTED.

DATED this 6th day of April, 2020.

Dana L. Christensen, Chief District Judge
United States District Court